## Zealberg's Appeal and Mayer's Appeal.

Notices served to create a lien for wages, which do not set forth any business of the defendant which would come within the statute, or what was the nature or kind of labor for which a preference is claimed, or that the property seized was used in the defendant's business, are wholly insufficient.

Affidavits cannot be received, at the argument of a claim to a lien for wages, to cure defects in the notice of lien.

(Decided May 10, 1886.)

Appeals from a decree of the Common Pleas of Schuylkill County disposing of the proceeds of a sheriff's sale under an execution. Affirmed.

William H. Bright caused a fieri facias to be issued under a

NOTE.—See note to Pratt's Appeal, 1 Sad. Rep. 12.

judgment against Lewis J. Osterman, and the defendant's personal property was levied upon.

The following notices were served on the sheriff, claiming a part of the proceeds of the sale:

To J. M. Boyer, Esq., Sheriff:

You are hereby notified that I, August Zealberg, an employee of the defendant above named, claim the sum of $156.87, amount due me for work and labor done and performed within six months last past, to wit: 11½ days in the month of June, 1885; 22½ days in the month of July, 1885; 24¾ days in the month of August, 1885; and 4 days in the month of September, 1885; making in all 62¾ days, at $2.50 per day, in and about the buildings and dwelling-houses which defendant was erecting and building in the boroughs of Ashland and Girardville, and the township of Butler, Schuylkill county, Pa. And I do further claim that the said sum is a lien upon all the property levied upon by virtue of the within stated execution or executions, and that the said sum shall be paid out of the proceeds arising from the sale of said property as directed by law.     Respectfully,

. August Zealberg,

Oct. 26, 1885.           per Philip Keller, his attorney.

To J. M. Boyer, Esq., Sheriff:

You are hereby notified that I, Elias Mayer, an employee of the defendant above named, claim the sum of $147.50, amount due me for work and labor done and performed within six months last past, to wit: 19¼ days in the month of June, 1885; 17½ days in the month of July, 1885; 25 days in the month of August, 1885; 5 days in the month of September, 1885; and 7 days in the month of October, 1885, making in all 73¾ days, at $2 per day, in and about the building, erection, and construction of various buildings and dwelling-houses of and for the said defendant, in the boroughs of Ashland and Girardville and the township of Butler, Schuykill county, Pa. And I do further claim that said sum is a lien upon all the property levied upon by virtue of the within stated execution or executions; and that the said sum shall be paid out of the

proceeds arising from the sale of said property as directed by
law.                                        Respectfully,
                                              Elias Mayer,
      Oct. 27, 1885.            per Philip Keller, his attorney.

A rule was taken upon the sheriff to show cause why he
should not pay the proceeds to the execution plaintiff; and in
his return he set up the above notices.

After argument the court made the rule absolute, PERSHING,
P. J., delivering the following opinion:

The sheriff, in answer to the above rule, states that he has
refused to apply the money in his hands to the writ issued by
the plaintiff, for the reason that notices were served upon him
by two parties that they held claims against the defendant for
the wages of labor, the payment of which they demanded as a
preferred lien. In these notices the claim is stated to be 'for
work and labor done and performed within six months last past,
to wit: [setting forth the number of days in each month and
the rate per day] in and about the building, erection, and con-
struction of various buildings and dwelling-houses of and for
the said defendant in the boroughs of Ashland and Girardville
and the township of Butler," and that the amount claimed was
a lien upon all the property levied upon.

Counsel have argued the question of the sufficiency of these
notices and submitted it for the decision of the court, rather than
resort to the appointment of an auditor.

In Pepper's Appeal, 2 Pennyp. 113, a notice to the sheriff
that there was due to the claimant a sum of money "for labor
and services rendered within six months last past, at and about
the works, manufactories, mines, or business, and connected
therewith, of the defendant," and that said sum was entitled to
be preferred and first paid out of the proceeds of the sale of the
property advertised to be sold by the sheriff, "which property
it was alleged was taken at or about the place of business of
said defendant, and used by him in carrying on the same," was
held to be "clearly insufficient within the act of April 9, 1872."
And in the decision in Allison v. Johnson, 92 Pa. 316, the
court said of the notices: "They contain no indication of the
kind of business of Colbert (the defendant in the writ), nor the

kind of labor or services rendered, so as to give information to the sheriff, nor to other creditors, as the act evidently intended."

It is apparent that the notices in Pepper's Appeal, were fully as specific as those in the case under consideration.

In White's Appeal, 15 W. N. C. 313, the claim was for labor done in sledding bark and making roads through the woods for one whose business was manufacturing lumber, shipping the same, peeling and shipping bark, and making and delivering cross ties. Mr. Justice STERRETT said:

"Whatever may be the effect of the supplement of 1883 in enlarging the scope of the original act, we think it very clear that it does not embrace appellant's claim. The court was therefore right in holding that the employment was not within the purview of the act and its supplements."

It does not appear that the question of the sufficiency of the notice was raised.

An able discussion of what are the essential requirements of a notice to the sheriff by a wage-claimant under the act of 1872, and its supplement of 1883, will be found in the report of Joseph P. Gross, Esq., auditor, affirmed by Judge BIDDLE in the case of Sanger v. Skinner, 16 W. N. C. 16. See also Pardee's Appeal, 100 Pa. 408.

The act provides that moneys due for labor and services, etc., "shall be a lien upon said mine, manufactory, business, or other property in or about, or used in carrying on said business, or in connection therewith, to the extent of the interest of said owners or contractors."

The levy in the case in hand includes building materials, such as flooring, joists, shutters, doors, a lot of hardware; also a horse, harness, sleigh, buggies, and a large quantity of household goods and furniture, viz.: carpets, cooking utensils, bureaus, chairs, a mirror, one organ, etc.; together with eight shares of stock in the Citizens' S. & L. Association of Ashland.

Now, although the notices served upon the sheriff claim a first lien upon all the property levied upon under the fieri facias, it is not alleged that the goods seized or any portion of them were used in carrying on any business or in connection therewith, in which the defendant was engaged. Possibly the 3d section of the act might be construed so as to include all the property levied upon; but this is not clear.

The awkward manner in which the act of 1872 was amended

by the act of 1883 has given the lower courts much trouble in their attempts to arrive at a construction consistent with common sense. This will appear by a reference to the cases of Periepi v. Frankenfield, 41 Phila. Leg. Int. 175; Jacobs v. Woods, 14 W. N. C. 237; and Thompson v. Wingert, 14 W. N. C. 483, in which the decisions are in conflict.

Adhering, however, to the rules laid down by the supreme court, we are compelled to regard the notices in the case now before us as of no validity against the plaintiff in the execution. They fail to set forth any business of the defendant that would come within the statute; or what was the nature or kind of labor and services for which a preference is claimed; or that the property levied upon was such as was used in or about or in connection with the business of the defendant in the execution. It is hardly necessary to say that the *ex parte* affidavits presented at the argument, which are intended to supply omissions in the notices served on the sheriff, cannot be considered in deciding the question before us.

And now, December 14, 1885, rule made absolute, and it is hereby directed that the sheriff pay the proceeds of the sale of defendant's personal property to the plaintiff in the execution.

The claimants appealed.

*James Ryon* and *Philip Keller,* for appellants.—Technical niceties ought not to be required from the class which the statutes of 1872 and 1883 are intended to protect; and as the legislature simply required notices in writing to be given to the sheriff, of their claim or claims and the amount thereof, before the sale, the intention was that this meritorious class should be paid without the intervention of lawyers, and without the niceties and technicalities of special pleadings.

The statutes only require that, if the claimant's claim is for wages, he cover the ground by giving notice of his claim for wages, without specifying what the wages were.

In Adamson's Appeal, 42 Phila. Leg. Int. 512, 1 Cent. Rep. 351, which is the latest reported case by this court on the subject, Mr. Justice STERRETT said:

"The act, it is true, does not prescribe any particular form of notice, but in Allison v. Johnson, 92 Pa. 314, and Pardee's Appeal, 100 Pa. 408, we said it should be sufficiently full and

clear to show the officer and others interested that the labor was performed within the time limited by the act, in a business defined therein, the sum due, and that the property subject to the preferred lien is embraced in the levy. These four ingredients are necessary to bring a claim within the protection of the statute; and hence they must appear in some form, in the notice served on the sheriff."

The notices of appellants comply with the four requisites as laid down by this court and contain all the necessary information required, in order that the officers, as well as execution creditors and others interested, may act understandingly.

*Wm. A. Marr,* for appellee.—In Allison v. Johnson, 92 Pa. 314, Mr. Justice TRUNKEY says: "Notice given to the constable after the sale was too late; those given before contained no indication of the business of R. McKnight or that the goods and chattels seized by virtue of the execution were 'properly in and about or used in carrying on the said business or in connection therewith,' or the kind of labor and when done;" and because of these defects the claims for labor were rejected. See Pepper's Appeal, 2 Pennyp. 113; Pardee's Appeal, 100 Pa. 408.

In White's Appeal, 15 W. N. C. 313, Mr. Justice STERRETT says that "unless the wages claimed by the appellant were earned in the prosecution of that business or in a pursuit connected with and forming a part thereof, his claim is not covered by the act."

The notices in this case claim to be a lien upon all property levied upon. Whether the property levied upon was connected with the business in which the defendant was engaged is not shown by the notices.

In Jones's Appeal, 102 Pa. 285, it was held that the proceeds of a policy of insurance were not liable. See Sanger v. Skinner, 16 W. N. C. 16.

PER CURIAM:

These appeals were argued together. They present substantially the same question. The notices were clearly insufficient to give the claims of the appellants a preference under the act of assembly, as is well shown in the opinion of the learned judge.

On that opinion the decrees are affirmed and the appeals dismissed, at the costs of the respective appellants therein.